AYRES, Judge.
Concerned only on this appeal is a matter •of alimony awarded for the support of two illegitimate minor children, aged approximately 10 and 17 months respectively, born of the illicit union of plaintiff and defendant. In a paternity action, defendant conceded the parentage of the older child but ■denied it as to the younger one. On trial, he was decreed to be the father of both children and condemned to pay $30 per month for each as support. Contending that the award was inadequate for the support of the minors, plaintiff appealed praying for an increase.
The record discloses an unfortunate as well as a deplorable situation. The problem before us is one so difficult of solution as to be almost insoluble, especially to any appreciable degree of satisfaction to the parties litigant. This is due to the insufficiency of defendant’s earnings to discharge the obligations imposed upon him. No solution will seemingly do justice to all the parties concerned.
Plaintiff is the mother of two children by a marriage dissolved by divorce. One of these children, a daughter, aged 21, lives with her. Plaintiff is without gainful employment and, moreover, is unskilled, untrained, and lacks the requisite knowledge and experience for gainful employment.
Defendant, a switchman "in the local yards of a railroad company, is the father of four other children ranging in age from approximately seven months to 16 years. The defendant and the mother of these children were divorced, obviously due to his illicit relationship with plaintiff. He and his wife, however, remarried. He has the obligation to maintain a home and support his family.
The record discloses that defendant has an income averaging approximately $593 per month. Obligations, some of which were incurred while living with plaintiff, if paid in monthly installments, would consume the greater portion, if not the entirety, of his income. His first duty, however, is to his wife and children, legitimate and illegitimate, to provide them with adequate support.
 In giving consideration to all the facts and circumstances, and particularly to the fact that there is simply insufficient income to be distributed among those needing support, and that such income must of necessity be apportioned among them according to their needs, we are of the opinion the *376 trial court, in an effort to do justice to all parties concerned, did the best it could with defendant’s limited anticipated income. In this connection, it may be pointed out that the trial court is possessed of considerable discretion with reference to awards for support. Under the facts presented by the record here, no abuse of that discretion is shown.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.